**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Ryan Lee (024846)**
**rlee@amarlawgrp.com**
**Catherine Bowman (011713)**
**cbowman@amarlawgrp.com**
**Amar Law Group, PLLC**
**7001 N. Scottsdale Rd., Ste. 2060**
**Scottsdale, Arizona 85253**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
***Attorneys for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Makaria L. and Dallas J. Adams,**<br><br>Plaintiffs,<br><br>vs.<br><br>**General Motors, LLC d/b/a GMC,**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT -- VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. and Arizona warranty law. Jurisdiction is also conferred through 15 U.S.C. § 2310 (d) as the amount in controversy exceeds $50,000.00.

2. The Plaintiffs, Makaria L. and Dallas J. Adams ("Plaintiffs"), are consumers and current Waddell, Arizona residents.

3. The Defendant, General Motors, LLC d/b/a GMC, ("Defendant") is a foreign corporation authorized to do business in the State of Arizona and is engaged in the manufacture, sale, supply and distribution of motor vehicles and attendant warranties. Defendant supplies its products and services to the consuming public through its authorized dealerships.

4. On January 6, 2023, Plaintiffs purchased from Liberty GMC a new 2023 GMC Yukon XL Yukon, Vehicle Identification No. 1GKS2JKT3PR250990 ("Yukon") manufactured, warranted, and supplied by Defendant, for a total financed price of $101,955.93.

5. In connection with Plaintiffs' purchase of the Yukon, Defendant issued and supplied Plaintiffs with its written warranty, which has *inter alia* three (3) years/36,000-mile bumper to bumper coverage and five (5) year/60,000-mile powertrain coverage.

6. Plaintiffs experienced multiple non-conformities with the Yukon that manifested after acquisition. Notably, the Yukon exhibited the following defects and conditions: electrical system (4 repair attempts), transmission (2 repair attempts), HVAC (2 repair attempts), brakes and battery.

7. The Yukon was out of service for at least forty-eight (48) days for attempted warranty repairs for these defects and conditions.

8. Defendant was not able to cure the Yukon's defects within a reasonable opportunity as evidenced by the Defendant's designated dealership 15 U.S.C. § 2307 repair agents' dilatory repairs.

9. Upon information and belief, the Yukon remains defective and non-conforming.

10. The Yukon's warranty failed of its essential purpose.

11. The above-mentioned vehicle defects and the dilatory inadequate repairs constitute substantial impairment in the use and value of the subject vehicle to Plaintiffs.

12. Plaintiffs provided Defendant, through its designated 15 U.S.C. § 2307 dealership warranty repair agents, a reasonable opportunity to repair the defects, non-conformities and conditions within the Yukon.

13. Defendant had notice of the Yukon's defects and an opportunity to cure.

14. Plaintiffs gave Defendant additional written notification of the defects and repair history of the Yukon (through undersigned) as well as Plaintiffs' lawful request for redress on May 11, 2026.

15. Defendant and Plaintiffs were unable to reach an accord.

16. Plaintiffs have been and will continue to be financially damaged due to Defendant's failure to conform the Yukon to its warranty.

17. Plaintiffs did not receive the basis of his bargain, i.e., a warranted brand "new" Yukon, but instead were saddled with a vehicle riddled with substantial defects and conditions akin to an improperly maintained high mileage used vehicle of a much lower value.

18. Plaintiffs have met all legal and enforceable obligations and preconditions provided in Defendant's warranty and applicable law. As a direct and proximate result of Defendant's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. § 2310 (d), Plaintiffs are entitled to bring suit for damages and other legal and equitable relief.

19. Plaintiffs demand trial by jury.

**COUNT I—BREACH OF WRITTEN WARRANTY**

**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT**

20. Plaintiffs re-allege and incorporate by reference paragraphs 1-19 in this Complaint.

21. Defendant failed to comply with its repair duties and obligations under the Yukon's written warranty. Additionally, the warranty failed its essential purpose.

22. Defendant did not repair the Yukon's conditions within a reasonable number of attempts or time.

WHEREFORE, Plaintiffs pray for the following relief against Defendant for its written warranty breach:

a. An award of diminution in value damages;

b. All incidental and consequential damages;

c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter; and,

d. All other relief deemed justified by this Court.

//

//

//

//

//

**RESPECTFULLY SUBMITTED** this 28th day of October 28, 2026.

By: /s/ Catherine Bowman___________________
Shalev Amar
Ryan Lee
Amar Law Group, PLLC
7001 N. Scottsdale Rd., Suite 2060
Scottsdale, AZ 85253
(480) 237-2744
(866) 226-1333 (facsimile)
Attorneys for Plaintiffs